RECEIVED

2017 MAY 26 P 12:07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

AO 241 (Rev. 12/04)

Page 2

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Mr. Billy C. Bowen | Docket or Case No.: 2:17-cv-341-MHT |
|---|---|

| Place of Confinement: Easterling Corrections Unit | Prisoner No.: #229008 |
|---|---|

Petitioner (include the name under which you were convicted)

Mr. Billy C. Bowen

v.

Respondent (authorized person having custody of petitioner)

Warden Walter Myers et.al.,

The Attorney General of the State of Alabama

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court of Bullock County, Alabama.

   (b) Criminal docket or case number (if you know): CC-2003-24

2. (a) Date of the judgment of conviction (if you know): 2004

   (b) Date of sentencing: 2004

3. Length of sentence: life

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Attempted Murder

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)
☐ Jury   ☐ Judge only   **N/A**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☐ Yes   ☐ No   **N/A**

8. Did you appeal from the judgment of conviction?
☒ Yes   ☐ No

9. If you did appeal, answer the following:
(a) Name of court: **Ala. Court of Criminal Appeals**
(b) Docket or case number (if you know): **Bowen v. State, 899 So.2d 310 (Ala. Crim. App. 2004)**
(c) Result: **Granted first petition for re-sentencing**
(d) Date of result (if you know): **2004**
(e) Citation to the case (if you know): **Bowen v. State, supra.**
(f) Grounds raised: **Involuntary guilty plea**

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:
(1) Name of court: **Ala. Supreme Court**
(2) Docket or case number (if you know): **# 1160086**
(3) Result: **Affirmed**

(4) Date of result (if you know): **April 14th, 2017**

AO 241 (Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: Deprivation of right to Counsel at a Critical Stage of the proceedings.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

                N/A

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:         N/A

AO 241 (Rev. 12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No
(2) Second petition: ☐ Yes   ☐ No
(3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Sheet

(b) If you did not exhaust your state remedies on Ground One, explain why: I properly and timely exhausted all of my state court remedies from the trial court; Ala. Court of Criminal Appeals; and the Supreme Court of Alabama.

AO 241 (Rev. 12/04)

Page 7

(c) Direct Appeal of Ground One: **N/A**

 (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

 (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings: **N/A**

 (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  ☐ Yes ☐ No

 (2) If your answer to Question (d)(1) is "Yes," state: **Deprivation of right to Counsel...**
 Type of motion or petition: **Rule 32 petition**
 Name and location of the court where the motion or petition was filed:

 Docket or case number (if you know):
 Date of the court's decision:
 Result (attach a copy of the court's opinion or order, if available):

 (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
 (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
 (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
 (6) If your answer to Question (d)(4) is "Yes," state:
 Name and location of the court where the appeal was filed: **Ala. Court of Criminal Appeals and the Supreme Court of Alabama**
 Docket or case number (if you know):
 Date of the court's decision:
 Result (attach a copy of the court's opinion or order, if available): **April 14th, 2017**

 (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 12/04)

Page 8

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Sheet

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 12/04)
Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)　　**Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　　☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　☐ Yes　　☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev 12/04)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev 12/04)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:

   (b) At arraignment and plea:

   (c) At trial:

   (d) At sentencing:

   (e) On appeal:

   (f) In any post-conviction proceeding:

   (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☐ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 12/04)

Page 16

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __May 23, 2017__ (month, date, year).

Executed (signed) on __May 23, 2017__ (date).

_____*Billy C. Bowlens*_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF ALABAMA

RECEIVED
2017 MAY 26 P 12:07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Billy C. Bowens - pro se,
  Petitioner,

vs.                                    Case No. 2:17-cv-341-MHT

Warden Walter Myers and,
The State of Alabama et. al.,
  Defendants.

## ISSUE ONE

Whether Mr. Bowens was denied his fundamental right to have Counsel present at his arraignment for Attempted Murder, without waiving his right to Counsel, in violation of the 6th and 14th Amendment to the United States Constitution? Yes

Bowen respectfully argues before this Court
(1).

that he was denied his right to have Counsel present at his arraignment for attempted murder, without knowingly waiving his right, in violation of the 6th and 14th Amendment of the United States Constitution.

Bowen states that the right of a defendant to have Counsel present at his/her arraignment is a jurisdictional prerequiste to a conviction. Thus, this claim is not subject to any of the procedural bars provided in Ala. R. Crim. P. 32. See: <u>Betton V. State</u>, 940 So.2d 1075 (Ala. Crim. App. 2005).

"Also: In <u>Hamilton V. Alabama</u>, 368 US. 52, 7 LE.2d 114, 82 S.Ct 157 (1961), the United States Supreme Court held:

In <u>Hamilton's</u> Case, at arraignment, the defendant pleaded not guilty, without the benefit of Counsel.... holding that arraignment is such a Critical Stage in a Criminal

(2)

proceeding that denial of Counsel at that nullifies a conviction, the United States Supreme Court reversed the conviction. The Court reasoned that "available defenses may be as irretrievably lost, if not then and there asserted, as they and when an accused represented by Counsel waives a right for strategic purposes.... the Court stated, 'In <u>Powell v. Alabama</u>, 287 US. 45, the Court said that an accused in a capital case requires the guiding hand of Counsel at every step in the proceeding against him and when one pleads to a Capital Charge without benefit of Counsel, we do not stop to determine whether prejudice resulted."

On or about Feb. 3, 2003 - Mr. Bowens was arrested and charged with aggravated assault, and later indicted by the Bullock County Grand Jury for attempted murder. The trial transcript, or record substantiates that Bowen came before the court and the trial judge read the

(3).

indictment to Bowens and he entered a plea of guilty without the presents of Counsel, Nor did he waive his right to have counsel present at his arraignment.

Mr. Bowens avers that the trial judge's accepted his plea without the presences of Counsel was a clear violation of the 6th and 14th Amendment Rights of the United States Constitution.

Wherefore, premise considered, the petitioner prays that this court grant him an evidentiary hearing.

*Billy C. Bowens*

(4)

From: Mr. Billy C. Bowens
#229006 / F1-25A
200 Wallace Drive
Clio, Ala. 36017-0000



To: Office of the Clerk, United States District Court for the Middle District of Alabama
at, One Church Street, Suite B-110
Montgomery, AL. 36104-4018

Legal Mail