IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILLY C. BOWEN, #229008, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 2:17cv341-MHT |
| | ) | |
| WALTER MYERS, *et. al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ANSWER**

Come now Respondents, by and through the Alabama Attorney General, following this Court's order issued June 30, 2017, and answer Bowen's instant § 2254 petition as follows:

1. Respondents admit that Bowen was convicted in the Bullock County, Alabama, Circuit Court upon his guilty plea on November 16, 2004, of attempted murder. He is currently lawfully incarcerated after being sentenced to life in the penitentiary.

2. Respondents aver that the instant petition is barred by the one-year period of limitation of 28 U.S.C. § 2244(d).

3. Respondents deny that Bowen was arraigned without counsel being present, and avers that such claim is procedurally defaulted, with no showing of cause and prejudice or actual innocence to excuse such default.

4. Respondents deny that Bowen is entitled to any of the relief he has requested.

## Procedural History

5. On November 16, 2004, Bowen was convicted in the Bullock County, Alabama, Circuit Court upon his guilty plea of attempted murder. The trial court sentenced him to life in the penitentiary.[1] (Ex. A at 26, 31.) Bowen did not appeal his conviction and sentence to the Alabama Court of Criminal Appeals. (Ex. A at 4.)

6. On or about September 16, 2015, Bowen filed in the Bullock County Circuit Court a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Ex. A at 3-15.) He alleged basically two issues, which were, (1) he was not represented by counsel at arraignment; and (2) his sentence was excessive. (Ex. D.) The trial court issued a written order on June 29, 2016, summarily dismissing the Rule 32 petition. (Ex. A at 31.) Bowen appealed that denial and briefs were filed by the parties, and the Alabama Court of Criminal Appeals affirmed by

---

[1] Bowen's initial guilty plea for the same offense was set aside and his appeal in that matter was dismissed. (Ex. D.) See Bowen v. State, 899 So. 2d 310 (Ala. Crim. App. 2004).

2

memorandum on December 9, 2016. (Exs. B, C, and D.) Bowen's application for rehearing and petition for writ of certiorari were overruled and denied on January 6, 2017, and April 14, 2017, respectively, (Exs. E, F, G, and H.) The certificate of judgment was also issued on April 14, 2017. (Ex. H.)

7. Bowen filed the present § 2254 habeas corpus petition in this Court on May 23, 2017, the date Bowen allegedly signed the petition, (§ 2254 Pet. at 15.), and the date the Respondents will use to determine the timeliness of his petition. He has raised one issue in his petition, i.e. he was not represented by counsel at his arraignment. (§ 2254 Pet. at 16-19.) As noted above, Bowen's present petition was untimely filed and, therefore, barred by the one-year period of limitation of 28 U.S.C. § 2244(d).

## One-Year Period of Limitation Under
## 28 U.S.C. § 2244(d)

8. Bowen's habeas corpus petition is barred by the one-year period of limitation in 28 U.S.C. § 2244(d). Bowen's conviction became final on December 28, 2004, forty-two days after sentencing where Bowen did not appeal his conviction and sentence. Because Bowen did not appeal, he should not be afforded an additional 90 days in which he could have sought certiorari review in the United States Supreme Court. See Womack v. State, 684 So. 2d 167 (Ala. Crim. App. 1995). Thus, the federal one-year period of limitation applicable to Bowen's case began to run on

3

December 29, 2004, when no appeal was taken, and he had until December 29, 2005, in which to timely file his federal habeas petition. The habeas corpus petition was not filed, however, until no earlier than May 23, 2017, over eleven years after the expiration of the one-year statute of limitations. Thus, it appears the petition was untimely.

9. Under 28 U.S.C. § 2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ". Bowen filed a Rule 32 petition on September 16, 2015, well beyond the applicable period of limitation, but by that time there was no applicable period to toll. See Webster v. Moore, 199 F. 2d 1256, 1257 (11th Cir. 2000). The § 2254 petition is time-barred. Bowen has not alleged actual innocence nor has he shown any grounds for equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010).

## PROCEDURAL DEFAULT

10. Bowen has presented essentially one issue in his §2254 petition, i.e. he did not have legal counsel at his arraignment. (§2254 Pet. at 16-19.) This issue is procedurally defaulted. This issue was raised in Bowen's Rule 32 petition, but was abandoned on appeal from the denial of that petition, because Bowen did not argue

4

it in his brief. (Ex. D at 4.) The issue was not presented to the State's highest appellate court, and it is procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Pruitt v. Jones, 348 F. 3d 1355 (11th Cir. 2003). Bowen has failed to show cause and prejudice or actual innocence to excuse his procedural default. Schlup v. Delo, 513 U.S. 298, 314; Murray v. Carrier, 477 U.S. 478, 496 (1986).

## BOWEN'S CLAIM LACKS MERIT

11. A response on the merits in this case is difficult because the issue was never presented to the State's highest court, so there is no allegation that a State decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it resulted from an unreasonable determination of facts in light of the evidence presented. 28 U.S.C. §2254(d). The claim presented in this petition was never properly presented to the State appellate courts, and this petition should be denied.

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the dismissal of the instant § 2254 petition and/or its denial for the reasons stated.

    Respectfully submitted,

    Steve Marshall (MAR038)
    *Attorney General*


    s/J. Thomas Leverette
    J. Thomas Leverette (LEV007)

Assistant Attorney General

Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>24th </u>day of July, 2016, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service a copy of the foregoing (including exhibits) to the Petitioner, first class and postage prepaid, to the address listed on the Department of Corrections' website, as follows: <u>Billy C. Bowen, AIS #229008, Easterling Correctional Facility, 200 Wallace Drive, Clio, Alabama  36017</u>.

    /s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
Office of the Attorney General
501 Washington Avenue
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  docketroom@ago.state.al.us
    tleverette@ago.state.al.us

2364920/193711-003