IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILLY C. BOWEN, # 229008, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-341-MHT-SMD |
| | ) | |
| WALTER MYERS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Billy C. Bowen on May 23, 2017.  (Doc. 1).[1]  Bowen

challenges his 2004 Bullock County conviction for attempted murder and his resulting

sentence of life in prison.  According to Bowen, he was deprived of his right to counsel at

his 2003 arraignment.  *See* (Doc. 1) at 16–19.  Respondents argue that Bowen's petition is

time-barred under the federal limitation period.  *See* (Doc. 9) at 1–5.  The Court agrees and

finds that Bowen's petition should be denied without an evidentiary hearing and that this

case should be dismissed with prejudice.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.  DISCUSSION

**A.    AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.      State Court Proceedings**

On November 9, 2004, Bowen pled guilty in the Bullock County Circuit Court to attempted murder, in violation of §§ 13A-4-2 & 13A-6-2, Ala. Code 1975.[2]  *See* (Doc. 9-1) at 26; (Doc. 9-4) at 2.  On November 16, 2004, the trial court sentenced Bowen to life in prison.  (Doc. 9-1) at 27.  Bowen did not appeal.

On September 16, 2015, Bowen filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* (Doc. 9-1) at 10; (Doc. 9-4) at 2.  That Rule 32 petition was summarily denied by the trial court on June 29, 2016.  (Doc. 9-1) at 31.  Bowen appealed, and on December 9, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the Rule 32 petition.  (Doc. 9-4).  Bowen's application for rehearing was overruled, and on April 14, 2017, the Alabama Supreme Court entered a certificate of judgment.  *See* (Docs. 9-5 through 9-8).

**C.      Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Because Bowen took no direct appeal, his conviction became final on December 28, 2004—42 days after his November 16, 2004 sentencing—

---

[2] Bowen had previously entered a guilty plea to the same charge, which had been set aside when the trial court granted a Rule 32 petition in which Bowen argued that the court had failed to properly inform him of the range of punishment he faced. *See* Doc. 9-4 at 1-2. Bowen entered the new plea of guilty in November 2004 upon being properly advised of the applicable sentencing range.

because that was the date after which direct review could no longer be pursued.  *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and imposition of sentence], when the time for filing a direct appeal expired."). Under § 2244(d)(1)(A), then, AEDPA's one-year limitation period commenced on December 28, 2004.  Absent statutory or equitable tolling, the limitation period expired for Bowen on December 28, 2005.

### 1.  *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).  Although Bowen filed a Rule 32 petition on September 16, 2015, that filing (and any related state court proceedings) had no tolling effect under § 2244(d)(2) because AEDPA's limitation period ran unabated for the entire year after December 28, 2004, before expiring on December 28, 2005.  A Rule 32 petition will not toll AEDPA's limitation period if that period has expired before the Rule 32 petition is filed.  "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).  "A state court filing after

the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Bowen by affording a different triggering date such that AEDPA's limitation period commenced on some date later than December 28, 2004, or expired on some date later than December 28, 2005. There is no evidence that an unlawful state action impeded Bowen from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Bowen submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Bowen also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Bowen filed his § 2254 petition on May 23, 2017, over eleven years after the December 28, 2005, expiration of AEDPA's limitation period.

## 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

5

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Bowen makes no argument that he is entitled to equitable tolling, and nothing in the record suggests that equitable tolling should apply in Bowen's case.

### 3. *"Jurisdictional" Claim*

Bowen argues that his § 2254 claim that he was deprived of his right to counsel at his 2003 arraignment touches upon the trial court's jurisdiction, appearing to suggest that such a jurisdictional claim is not subject to AEDPA's limitation period and therefore is properly before this court. *See* (Doc. 11) at 4–6. However, there is no exception to AEDPA's limitation period for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Sec'y, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim

was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").

Bowen's § 2254 petition and the claim presented therein are subject to AEDPA's one-year imitation period. Because Bowen failed to file his § 2254 petition within the one-year federal limitation petition, his petition is time-barred and his claim is subject to no further review by this court. *See* 28 U.S.C. § 2244(d)(1)(A).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d). It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 7, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 24th day of May, 2019.


/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE